15 N.J. Super. 423 (1951)
83 A.2d 636
STATE OF NEW JERSEY, BY RANSFORD J. ABBOTT, STATE HIGHWAY COMMISSIONER, PLAINTIFF-APPELLANT,
v.
FRANK A. POWELL AND SAMUEL FRIEDMAN, JOINTLY, SEVERALLY OR IN THE ALTERNATIVE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 24, 1951.
Decided October 10, 1951.
*425 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Charles I. Levine, Special Assistant Deputy Attorney-General, argued the cause for appellant (Mr. Theodore D. Parsons, Attorney-General; Mr. Sackett M. Dickinson, Assistant Deputy Attorney-General, attorneys).
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
Plaintiff, who sued in the Camden County District Court to recover $177.34 for damage done to three electric directional signs, appeals from the judgment of dismissal in favor of the defendant, which was entered at the close of all the evidence.
The complaint alleged that on or about April 16, 1950, a motor vehicle owned and operated by the defendant Frank A. Powell and a motor vehicle owned and operated by the defendant Samuel Friedman collided while proceeding around the Camden Airport Circle, located at the intersection of State Highway Routes 25, 38, 40 and 45, in the Township of Pennsauken; that as a result of the collision, three electric directional signs owned and maintained by the plaintiff at *426 the Camden Airport Circle were damaged and had to be repaired at a cost of $177.34, and that the damage to the property of the plaintiff was caused by the negligence of the defendant Powell or the defendant Friedman, or of both defendants.
The appeal comes before us on a statement of the proceedings and evidence under Rules 1:2-23 and 4:2-6. At the trial the parties stipulated the plaintiff's damages, as a result of the accident referred to in its complaint, at $177.34. The defendants were called in turn by the plaintiff, but did not appear. There was testimony by a police officer that in response to a telephone call he went to the Airport Circle and found that two vehicles, one owned by each defendant, had had a collision at the Circle and that two state highway electric directional signs were damaged. Written statements made by the defendants were offered in evidence and showed that defendant Powell was the owner and operator of the Buick sedan and defendant Friedman was the owner and operator of the Dodge truck involved in the collision. The statement of the proceedings and evidence concludes with:
"The officer further stated that there was an admission that the Buick had struck and broke the directional signs.
At the conclusion of the testimony, the plaintiff rested and stated that under the res ipsa loquitur doctrine, it was incumbent on the defendant Powell (the owner of the Buick) to proceed to explain the cause of the collision between his car and the plaintiff's signs. The plaintiff further stated that if, in the Court's opinion, there was not sufficient evidence to bring the matter within the res ipsa loquitur doctrine, that an adjournment was being requested to give the plaintiff an opportunity to subpoena the defendants and bring them into court.
The Court did not consider res ipsa loquitur applicable, and denied the request for an adjournment upon the ground that there had been ample time to subpoena the defendants prior to the date of trial and entered final judgment of dismissal, with prejudice, in favor of the defendants."
The first point advanced is that the trial court erred in entering final judgment of dismissal against the plaintiff and in favor of the defendants upon the proofs submitted. In its *427 brief and at the oral argument the plaintiff conceded that no prima facie case was made against the defendant Friedman. The contention made is that the proofs, and the legitimate inferences which might be drawn therefrom, called for the application of the doctrine of res ipsa loquitur in the case against the defendant Powell.
Our courts have uniformly held that when, through any instrumentality or agency under the management or control of a defendant or his servants, there is an occurrence, injurious to the plaintiff, which, in the ordinary course of things would not take place if the person in control were exercising due care, the doctrine of res ipsa loquitur applies and the occurrence itself, in absence of explanation by the defendant, affords prima facie evidence that there was want of due care. But it requires more than proof of the mere occurrence of an accident to set the doctrine in operation. Alston v. J.L. Prescott Co., 10 N.J. Super. 116 (App. Div. 1950). Specific legislative authority for the plaintiff's location of these directional signs on the highway is given by L. 1941, c. 345, § 7 (N.J.S.A. 39:4-183.6), which provides: "The Commissioner may determine the character, type, location, wording or symbol, and use of all traffic signs on the highways of this State * * *." But there was no proof to support a finding that Powell's Buick struck any sign. For such proof, the plaintiff relies solely on the testimony of the police officer that "there was an admission that the Buick had struck and broke the directional signs." There is no testimony that the admission was made by Powell, by one authorized to speak for him, by another in Powell's presence under circumstances making it an implied admission by Powell, or any other testimony which would qualify it as an admission, express or implied, having probative force against Powell. At the oral argument, counsel for plaintiff frankly admitted that the failure to question the officer about the identity of the person who made the admission and about the circumstances under which the admission was made was not mere oversight but intentional. Without proof that the occurrence, *428 namely, the striking of the signs, was caused by an instrumentality controlled by the defendant Powell, an essential element for the application of the doctrine of res ipsa loquitur, in the case against Powell, is missing.
It is also contended that the trial court committed reversible error in refusing the plaintiff's application for an adjournment to give it an opportunity to subpoena the defendants and bring them into court. There is no merit whatever in this contention. Not only did the plaintiff fail to subpoena either defendant, but it also proceeded to put in its case, with knowledge that neither defendant was available as a witness. At no time before the plaintiff rested its case did it even apply for an adjournment. The plaintiff chose to try its case, in the belief that it could obtain a favorable judgment without using the defendants as witnesses, and to seek a determination by the court. In effect, however, it asked the court to enter judgment if the determination on the case presented favored the plaintiff, but to refrain from entering judgment if the determination favored the defendants, and in the latter event only did it seek an adjournment in order to obtain another trial in which it could put in additional testimony.
Judgment affirmed.